IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40960
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FELIX ARTEMIO ALAFFA-FLORES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-CR-184-1
- - - - - - - - - -

April 16, 1999

Before JONES, SMITH, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Felix Artemio Alaffa-Flores ("Alaffa") appeals the sentence
following his guilty-plea conviction for possessing with intent
to distribute more than 100 kilograms of marijuana. Alaffa
argues that the district court erred in finding that he did not
play a minimal or minor role in the criminal activity such that
he would be entitled to a mitigating role adjustment. See
U.S.S.G. § 3B1.2(a),(b). He also argues, for the first time on
appeal, that the district court erred by relying upon an

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

erroneous factor, his past criminal conduct, in denying his request for a mitigating role adjustment.  U.S.S.G. Ch. 3, Pt. B, intro. comment; U.S.S.G. § 1B1.3.

We have carefully reviewed the arguments and the appellate record.  Alaffa has failed to demonstrate that the district court erred in its finding that he did not play a minimal or minor role in the criminal activity.  See United States v. Rojas, 868 F.2d 1409, 1410 (5th Cir. 1989); United States v. Gallegos, 868 F.2d 711, 713 (5th Cir. 1989).  Moreover, Alaffa has failed to demonstrate plain error because the district court's erroneous reliance on Alaffa's past criminal conduct in denying his request for a mitigating role adjustment was harmless.  See United States v. Kay, 83 F.3d 98, 101 (5th Cir. 1996); United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

AFFIRMED.